# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PONZIO, JR. and BARBARA PONZIO, <br><br>      Plaintiffs, <br><br> vs. <br><br> 3M COMPANY, et al., <br><br>      Defendants. | Case No. 2:16-CV-3521-JFW (KSx) <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT THE BOEING COMPANY REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS** <br><br> Action Filed:  April 28, 2016 <br> Trial Date:     February 14, 2017 |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on Plaintiffs' and Defendant The Boeing Company's (the "parties") Stipulation Regarding Confidential and Export-Controlled Materials ("Stipulation") filed on October 26, 2016 and their subsequent showing of good cause, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs titled "Purposes and Limitations," "Good Cause Statement," and numbered 1, 2, 3, 4, 11, 12, 13, 14, 17, 19, and 24 of, and Exhibit A to, the Stipulation.**

_//_

_//_

1

Case No. 2:16-cv-3521-JFW (KSx)      *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

### PURPOSES AND LIMITATIONS

Counsel for the Plaintiffs and for The Boeing Company ("Boeing"), have meet and conferred over the last several weeks regarding production of documents by Boeing to the Plaintiffs, which are agreed by all parties to be relevant and responsive to discovery in this matter.  It has been represented by Boeing and the parties agree that some of the responsive documents fall within categories which require them to be subject to a protective order. **The parties acknowledge that this Order does not It** is not the party's intent to confer blanket protections on all disclosures or responses to discovery, **and that the protection it affords from public disclosure and use extends only to the limited** but rather to limit the information or items that are entitled to confidential treatment to those items which fall within certain **under the** applicable legal principles. **The burden of establishing that documents and/or materials have been properly designated as "CONFIDENTIAL" shall be upon the Designating Party at all times.**

### GOOD CAUSE STATEMENT

This action involves production of documents and discussions of trade secrets, research and development and/or proprietary information for which special protection from public disclosure is warranted and for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  In addition, Boeing asserts that some of the responsive documents in this matter fall within the protections of the export-

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

and import-control laws and regulations of the United States, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic In Arms Regulations ("ITAR"), as amended, 22 C.F.R. §§ 120-130), the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and/or the U.S. Export Administration Regulations, as amended, 15 C.F.R. §§ 730, *et seq.* (collectively, "U.S. Export Control Laws").

Specifically, ITAR regulations control the export and import of defense-related articles and services on the United States Munitions List ("USML"). The Department of State Directorate of Defense Trade Controls ("DDTC") interprets and enforces ITAR, and its goal is to safeguard U.S. national security and further U.S. foreign policy objectives. ITAR regulations dictate that information and material pertaining to defense and military-related technologies (for items listed on the U.S. Munitions List) may only be shared with U.S. Persons unless authorization from the Department of State is received or a special exemption is used. Corporations such as Boeing can face heavy fines if they have, intentionally or not, provided non-U.S. persons with access to ITAR-protected defense articles, services or technical data. Prior to disclosure, documents subject to U.S. Export Control Laws must be stamped to indicate that the materials are subject to export control laws. Any access to the documents must be restricted to ensure that sensitive information is not disclosed in violation of U.S. Export Control Laws. Violation of these statutes will subject Boeing to draconian fines and other potential penalties.[1]

---

[1] Export control laws provide for substantial penalties, both civil and criminal. Failure to comply with ITAR can result in civil fines as high as $500,000 per violation, while criminal penalties include fines of up to $1,000,000 and 20 years imprisonment per violation. *See* 22 C.F.R. 127.3, 22 U.S.C. § 2278(c), (e). Under EAR, maximum civil fines can reach $250,000 per violation. Criminal penalties can be as high as $1,000,000 and 20 years imprisonment per violation. 50 U.S.C. § 2410, 50 U.S.C. § 1705.

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

1    ~~This Court has authority to issue a protective order for good cause. Fed. R.~~

2    ~~Civ. P. 26(c)(1). The parties agree and stipulate that~~ **B**ecause of the national

3    security interests and the potential for severe criminal and civil penalties, there is a

4    clear showing of a particular and specific need for the protective order.

5    *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975).

6          In similar circumstances, courts have found good cause for protective

7    orders in cases involving documents and information deemed confidential under

8    U.S. Export Control Laws. *See, e.g.*, *Ross-Hime Designs, Inc. v. United States.*,

9    109 Fed. Cl. 725, 744-46 (2013) (structure descriptions, drawings, and

10   photographs requiring an export license pursuant to the Export Administration

11   Regulations were within the scope of restricted information covered by a

12   protective order); *United States v. Int'l Bus. Machs. Corp.*, 461 F. Supp. 732

13   (S.D.N.Y. 1978) (protective order issued for defense exhibits, including

14   applications and licenses deemed confidential pursuant to the Export

15   Administration Act).)

16         These export control requirements make it imperative that documents

17   produced in discovery are handled in such a way so that violation of the various

18   controls on dissemination of the information are not violated.  Accordingly, to

19   expedite the flow of information, to facilitate the prompt resolution of disputes

20   over confidentiality of discovery materials, to adequately protect information

21   which the parties are required to keep confidential under the laws of the United

22   States, while ensuring the parties are permitted reasonable and necessary uses of

23   such material in preparation for and in the conduct of trial, and to serve the ends

24   of justice, a protective order for such information is justified in this matter.

25         ~~It is the intent of the parties that~~ **I**nformation will not be designated as

26   confidential for tactical reasons and that nothing **shall** be so designated without a

27   good faith belief that it has been maintained in a confidential non-public manner

28

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

and there is good cause why it should not be part of the public record of this case. ~~Wherefore:~~

1. ~~It is hereby ordered by the Court that~~ **T**he following shall apply to information, documents, testimony, and excerpts from documents and other materials produced in this action by certain Defendants pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the Central District of California governing disclosure and discovery.

2. Information, testimony, documents and other materials produced pursuant to FRCP 26 and ~~all~~ **any** discovery requests **and/or responses** in this matter, may be designated ("Designated Material" **or "Protected Material"**) by any of the parties to this lawsuit ("Designating Party(ies)") in the manner permitted as set forth in this order. All such information, testimony, documents, excerpts from documents, and other materials produced in this matter will constitute "Designated Material" under this Order. The designations shall be (a) "CONFIDENTIAL"; (b) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," (hereinafter: "Export-Controlled"); and/or, (c) "Limited Distribution;" and/or (d) "Proprietary."

3. Nondisclosure of material designated "CONFIDENTIAL":

    a. Information may be designated as "CONFIDENTIAL" if the information constitutes (i) a trade secret as defined under law; (ii) confidential business information, the disclosure of which might adversely affect or prejudice business or competitive position of the Designating Parties or any of their present or past subsidiaries, affiliated companies, or divisions, within their trade or business; (iii) non-public financial information relating to a Designating

Party or any of its present or past subsidiaries, affiliated companies or divisions; (iv) non-public information which a Designating Party is under an obligation to any other person to maintain in confidence; (v) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence; or (vi) a Designating Party's proprietary information. "CONFIDENTIAL" information will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as "CONFIDENTIAL" as set forth in this Protective Order by any party to which such information belongs. All documents marked as "Proprietary" will be deemed as designated "CONFIDENTIAL." **Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.**

b. **Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.**

c. The Parties agree that information designated "CONFIDENTIAL" may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as

6

Case No. 2:16-cv-3521-JFW (KSx)                *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

an Exhibit to any depositions taken for these purposes. In the event that the information designated as "CONFIDENTIAL" is attached as an Exhibit to any pleading or deposition, by any party, the Designating Party will inform the party so doing that it must agree, through the execution of the Acknowledgement attached hereto, to be bound to the terms of this Protective Order.

d. If a Party or its principal or authorized agent receives a subpoena, **court order,** or other process ("Subpoena") demanding production of information or materials that have been designated as "CONFIDENTIAL", the recipient of the subpoena**, or court order** shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested), overnight delivery, or facsimile transmission to counsel of record for the affected Designating Party and shall furnish such counsel with a copy of the Subpoena, **court order,** or other request so that the affected Designating Party may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the material or information designated as "CONFIDENTIAL". The person receiving the Subpoena or other request shall **(1) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (2) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information**

**designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.** ~~not produce the information or material designated as "CONFIDENTIAL" until the Designating Party has had a reasonable opportunity to challenge the Subpoena or request~~.

4. **ACCESS TO AND USE OF PROTECTED MATERIAL: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.** Material designated as "CONFIDENTIAL" shall not be used or disclosed for any purpose other than ~~the~~ **prosecuting, defending, or attempting to settle** ~~litigation of~~ this action and may be disclosed **to the court and its personnel as well as Court reporters and their staff; and otherwise** only as follows:

   a. Parties: Material designated as "CONFIDENTIAL" may be disclosed to parties to this action or attorneys, directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before material designated as "CONFIDENTIAL" is disclosed for this purpose,

8

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

each such person must agree to be bound by this Order by signing a copy of Exhibit "A".

b. Other Persons: Designated Material may be provided as necessary to copying services, expert witnesses, translators, litigation support firms, **any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions,** and expert witnesses. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit "A".

c. Competitors: Material designated "CONFIDENTIAL" may not be provided to competitors of the Designating Party, including but not limited to in-house counsel for the Designating Party's competitors, their paralegals, or regularly employed office staff, but excluding local counsel for any defendant in this case. Any party that believes it is necessary to disclose Designated Material to a competitor(s) of the Designating Party must obtain the approval of the Designating Party prior to disclosure of the Designated Material.

5.    "EXPORT-CONTROLLED" and "LIMITED DISTRIBUTION" Information: The Designating Party shall designate any materials, testimony or information that it believes to be subject to U.S. Export Control Laws[2] as "SENSITIVE— SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S.

___

[2] U.S. Export Control Laws shall include, but not be limited to, the International Traffic in Arms Regulations (22 CFR 120-130) ("ITAR"), the Export Administration Regulations (15 CFR 730 et seq.)("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

Export Administration Regulations." The Designating Party shall further designate any Export-Controlled documents that also contain a distribution limitation statement from the Department of Defense or any branch of the U.S. Military as "Limited Distribution" in addition to "Export-Controlled."

6.     Material designated as "Export-Controlled" and/or "Limited Distribution" Information may only be released, disclosed or made accessible to U.S. Persons (as that term is defined at 22 CFR. 120.15 and hereafter "U.S. Person" or "U.S. Persons"), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, as determined by an ITAR-compliant screening process performed by the party releasing the materials, testimony, and/or information to that person. This restriction and screening requirement applies to any Designated Material which has been designated as Export-Controlled, whether stored electronically on a server or otherwise. Before Designated Material is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibit "A". It is the responsibility of the party disclosing the Designated Material to obtain and maintain the signed Exhibit "A" form for each person to whom that party discloses Designated Material.

7.     In addition to the other requirements of this Order, by accepting Material designated as "Export-Controlled" and/or "Limited Distribution" information, the receiving Party represents and warrants that he/she/it is a "U.S. Person" (as that term is defined as set forth above and at 22 CFR. 120.15) and that the receiving Party will comply with all applicable export, import and sanctions laws, regulations, orders and authorizations. By accepting documents designated as "Limited Distribution," the receiving party further represents and warrants that he/she/it will comply with the limitation restrictions as set forth in the document

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

designated as Limited Distribution as to disclosure and distribution of that document.

8.      Prior to disclosing or displaying any Designated Material to any person, counsel shall:

      a.  Inform the person of the Confidential, Export-Controlled, or Limited Distribution nature of the Designated Material;

      b.  Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person;

      c.  Have the person complete and sign Exhibit "A" and maintain the executed Exhibit "A;" and,

      d.  If the Designated Material is designated as Export-Controlled, confirm that the person has been screened pursuant to paragraph no. 6, above, and that the results of that screening have determined that the person is eligible to receive Export-Controlled material.

9.      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

10.     Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order and shall make copies of them available for the Court's in camera review upon reasonable request.

11.     Documents shall be designated by bates stamping and then stamping or otherwise marking the documents with the words "CONFIDENTIAL," "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S.

Export Administration Regulations," and/or, "Limited Distribution," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Depending on the nature and substance of the document, it may be designated with more than one designation under this order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way. **If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).**

12.     The Designating Parties will use reasonable care to avoid designating documents or information that does not need to be designated as such. **Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.**

13.     **At any time that is consistent with the Court's Scheduling Order** a party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn. If the Designating Party does not agree to the withdrawal or re-designation within ten (10) business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. **Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on**

**other parties) may expose the Challenging Party to sanctions.** Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter. **The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.**

14.    When testimony concerning Export-Controlled and/or Limited Distribution Information is given at a deposition or when Export Controlled and/or Limited Distribution Material is produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designating Party has confirmed that Designated Material may be disclosed under this order. Prior **to** the exclusion ~~from~~ **of** any person representing any party at a deposition the Designating Party must first make an effort to contact and inform the Magistrate Judge of the exclusion under this provision.

15.    A party may mark Designated Material as a deposition exhibit, provided the deposition witness and all others in attendance (including the court reporter and any videographer) have been confirmed as people to whom the exhibit marked as Designated Material may be disclosed under this Order and the exhibit and related transcript pages receive the same designation as the original Designated Material.

16.    Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten (10) business days after the Designating Party's receipt of the final transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof

in their possession or control as directed by the Designating Party. Pending expiration of the ten business days, the deposition transcript shall be treated as designated Export-Controlled and Confidential in its entirety.

17. ~~Any party that intends to file Designated Material with a court must first request approval from the court to file the Designated Material under seal and identify the Designated Material as being subject to this Protective Order and protected from being opened except by court order. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material.~~ **The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; If any Party should desire to include any Confidential Information or Item in any papers filed with the Court, the Party shall file an application, in accordance with the requirements of Local Rule 79-5, and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d). If any party seeks to file or lodge with the Court any portion of any Protected Document or information taken from any Protected Document, such material shall be submitted to the Court with an application to file under seal in accordance with this Court's Local Rule 79-5.1**

18. A party which reasonably anticipates it will produce or that it will be requested to produce information or material at a hearing or discovery proceeding that is or will be designated as Export-Controlled material must notify all parties of the same within seven (7) days of receiving notice of the hearing or discovery proceeding. Parties who expect to attend any hearing or discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party the

names and sufficient personal information necessary to conduct the screening described in paragraph No. 6, above, of all persons whom they wish to attend the hearing or discovery proceeding. The names and identifying information must be provided to the Designating Party at least fourteen (14) calendar days before the date noticed for the hearing or discovery proceeding, the Designating Party will respond no later than three (3) days before the hearing or discovery proceeding with the results of the screening. Any party that fails to timely provide the names and necessary identifying information may waive its right to be present at the subject hearing or discovery proceeding.

19. **Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.** When the Lawsuit reaches its final resolution for the Designating Party (whether by settlement, judgment, dismissal, or otherwise), including any and all appeals, within forty-five (45) days:

    a.  All Designated Materials, and all copies of it, will be destroyed or returned to the Designating Party's counsel;

    b.  All portions or sections of deposition or hearing transcripts that are Designated Material will be permanently redacted, including any electronic copies;

Case No. 2:16-cv-3521-JFW (KSx)                                *Ponzio v. 3M Company*, et al.
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL

c.  All abstracts, extracts, and/or summaries and/or privileged work product containing reference to such Designated Materials will be destroyed;

d.  Parties and/or Counsel returning Designated Materials to the Designating Party will provide an Affidavit or Declaration, signed under penalty of perjury, reflecting the following:

i.  That declarant took steps to retrieve the original and all copies of the Designated Materials, portions of the deposition transcripts of any witnesses involving Designated Materials, or information related to them, and work product from all witnesses, experts and consultants associated with his/her preparation of this case;

ii.  That all originals and copies of the Designated Materials in declarant's actual or constructive possession have been returned to counsel for the Designating Party; and

iii.  That declarant is of the belief that the original and each and every copy of the Designated Materials have been returned to counsel for the Designating Party and that every original, and every copy, of abstracts, extracts, and/or summaries and/or work product containing reference to such Designated Materials or reflecting the substance of such materials have been destroyed (or, in the case of transcripts, all portions marked as Designated Materials were permanently redacted).

e.  **Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work**

**product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth above.**

20.     Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

21.     Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.

22.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

23.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

//

//

//

24.    **Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:**

DATE: <u>October 28, 2016</u>

_____
United States Magistrate Judge

18

**EXHIBIT "A"**

**I _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date]** ~~have read and received a copy of the Protective Order entered~~ in the lawsuit entitled *Ponzio v. 3M Company,* et al., Case No. 2:16-cv-3521-JFW (KSx).

I attest that I am a U.S. Person as that is defined at 22 CFR. 120.15 and as referenced in paragraph 6 of the Protective Order. I agree that I will provide sufficient information to any party releasing "Export-Controlled" or Limited Distribution information or documents in this matter so that the releasing party may conduct the screening set forth in paragraph No. 6 of this order.

I attest that I am, (a) a consultant retained by a party in this case and any Designated Material that I receive will be used solely to provide services related to this matter; or (b) not presently employed by a competitor of the Designating Party and do not have an intention to be employed or conduct any type of work whatsoever with or for any such competitor(s) in the immediate future.

I hereby agree that I will not disclose any information contained in Designated Material to any person. I further agree not to use any such information for any purpose other than this litigation and pursuant to the restrictions set forth in the protective order.

Within forty-five (45) days after the final disposition of the Lawsuit for the Designating Party, including any and all appeals, I agree to destroy or return any

and all copies of Designated Materials produced by the Designating Party to counsel for the Party that I am working for or associated with so that they can be returned to the Party that produced that information (or in the case of transcripts, all portions marked as Designated Materials were permanently redacted). I will not maintain a copy of any Designated Materials in my possession (or any notes, summaries, or abstracts of its substance) without the express, written authority from the Party that produced the Designated Material.

As a condition to being allowed access to Designated Material, I agree and consent to be subject to the jurisdiction of the United States District Court for the Central District of California with respect the enforcement of the provisions of said Protective Order, **even if such enforcement proceedings occur after termination of this action.**

Name: _____

Address: _____

Dated: _____

Signature: _____

Signed in the presence of: _____
(Attorney)

Case No. 2:16-cv-3521-JFW (KSx)                    *Ponzio v. 3M Company*, et al.
EXHIBIT A TO
PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIAL